IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:14-cr-0015-AT-1 |
| | : | |
| COLEMAN WARNOCK, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation ("R&R") [Doc. 89], recommending the denial of the Defendant's pending motions to exclude DNA evidence and request for a Daubert hearing [Docs. 60, 81].

The Defendant filed objections to the R&R [Doc. 92]. A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion on a "clearly erroneous" standard. The Defendant objects on substantive grounds to the Magistrate Judge's Report, arguing that defects in the

collection and transfer process of the respirator mask tested may have contaminated the mask and sampling process. Defendant also argues that neither the Government's expert report materials nor discovery have yielded information on the collection and transfer methods.  Accordingly, the Court has reviewed the record and pending motions in this case on a de novo basis.

After an independent de novo review of the record, the Court finds that the Magistrate Judge's legal analysis in the R&R and recommendation that Defendants' motions be denied are correct.  While Defendant's concerns as to collection and transfer procedures for the mask might ultimately cast doubt on the results of the Government's expert DNA testimony, the Magistrate Judge correctly notes that the Defendant's objections go to the weight of the evidence but not the well-established reliability of the DNA testing process itself.  That said, the Court views some of the Defendant's requests in its DNA Discovery Request (Doc. 85-1) as potentially reasonable.[1]  However, the Court notes (as did the Magistrate Judge) that Defendant has not offered any evidence in its motions of actual contamination of the mask sample tested other than counsel's own comments regarding the status of the evidence and its collection at the Hobgood Road location. If defense counsel, based on her thorough review and investigation of this matter, contends in good faith that there is likely actual evidence that the collection methods for the mask were compromised so as to

---

[1] See, e.g., Requests #1, #5.

have affected the test results (as opposed to the DNA procedure for testing itself), counsel should notify the Court in a memorandum filed with the Court that addresses: (1) the actual evidentiary grounds for this contention based on discovery materials thus far obtained; and (2) whether Defendant is seeking these materials pursuant to the provisions of Fed.R.Crim.P. 16(1)(F)(iii), because the materials might be deemed exculpatory, or for some other grounds.  In the event defense counsel files such a memorandum, it shall be due no later than November 23, 2015.  The Government's response shall be due no later December 7, 2015.  In the event the Government contends that the 184 page production referenced in its response brief (Doc. 82) has provided all information and documentation extant in response to Defendant's discovery requests #1 and #5 as set forth in Doc. 85-1, the Government shall notify the Defendant promptly of this, and in any event, no later than noon on November 19, 2015.

For the foregoing reasons, the Court **OVERRULES** Defendant's objections [Doc. 92]; **ADOPTS** the Magistrate Judge's R&R [Doc. 89], subject to the modifications noted above; and **DENIES** Defendant's Motions [60, 81], subject to the modifications noted above.   The trial in this action is hereby set to begin on Tuesday, January 19, 2016, at 9:30 AM in Courtroom 2308. The pretrial conference will be held on Wednesday, January 13, 2016, at 3:00 PM in Courtroom 2308.  By Wednesday, December 16, 2015, the parties are to file the following: motions in limine and proposed voir dire questions. By Wednesday,

December 16, 2015, the Government must file a brief summary of the indictment that the parties can rely on for voir dire. By 3:00 PM on Monday, January 11, 2016, the parties are to file any objections to those items listed above.

The Court notes that counsel for both Defendant and the Government have filed several requests for leaves of absence in the upcoming months.  The Court has received and **APPROVES** the following petitions for leave of absence for counsel:

- For attorney Judy Fleming for the dates of November 23 – November 30, 2015, and December 21, 2015 – January 7, 2016 [Doc. 96];

- For attorney Vivek Kothari for the dates of November 26 – December 3, 2015; and December 19, 2015 – January 4, 2016 [Doc. 98].

Excludable time is allowed through January 19, 2016, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.   The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

It is so **ORDERED** this 16th day of November, 2015.

Amy Totenberg
United States District Judge